UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| COREY M. LILLARD, SR. ] | |
|     Petitioner, ] | |
| ] | |
| v. ] | No. 3:08-0778 |
| ] | Judge Campbell |
| STATE OF TENNESSEE ] | |
|     Respondent. ] | |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the Rutherford County Adult Detention Center in Murfreesboro, Tennessee. He brings this action against the State of Tennessee seeking a writ of habeas corpus.

The petition states that the petitioner is "filing this motion in regards to a case where I was wrongfully convicted in violation of the law." The case he refers to is identified simply as Case # 52523. No specific factual allegations in support of his claim that he was wrongfully convicted appear in the petition.

A petition for federal habeas corpus relief will not be considered unless the petitioner has first exhausted all available state court remedies for each claim presented in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985). This exhaustion requirement springs from considerations of comity between the states and federal government and is designed to give the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Wilwording v. Swenson, 404 U.S. 249, 250 (1971). This means that as a condition precedent to seeking federal relief, the petitioner's claims must have been fairly presented to the state courts. Rose v. Lundy, 455

U.S. 509, 522 (1982). Once the federal claims have been raised in the state's highest court, the exhaustion requirement is satisfied, even if that court refused to consider them. <u>Manning v. Alexander</u>, 912 F.2d 878, 883 (6th Cir.1990).

The burden of showing compliance with the exhaustion requirement rests with the petitioner. <u>Darr v. Burford</u>, 339 U.S. 200, 218-219 (1950); <u>Clounce v. Pressley</u>, 640 F.2d 271, 273 (6th Cir.1981). In this case, the petitioner gives no information whatsoever suggesting that he has made any effort to first challenge his conviction in the state courts. Given the absence of any such information, it appears that the petitioner has failed to carry his burden of showing that he has fully exhausted state court remedies.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. <u>Rose v. Lundy</u>, supra, at 455 U.S. 422. Therefore, an appropriate order will be entered dismissing the petition without prejudice to petitioner's right to pursue any state court remedies which might be available to him. Rule 4, Rules --- § 2254 Cases.

_____
Todd Campbell
United States District Judge